UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT CHARLES PARADIS,

              Plaintiff,

   v.

ERIC JACKSON,

              Defendant.

Case No. C16-876 JLR-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Robert Charles Paradis filed a 42 U.S.C. § 1983 civil rights complaint alleging defendants violated his constitutional rights when they requested payment for shipment of his excess property after he was transferred to another facility. Dkt. 3. Around the time he filed his lawsuit, Mr. Paradis wrote to Defendant Captain Paula Chandler, grieving the detention of his excess property at the Monroe Correctional Complex's Twin Rivers Unit (MCC/TRU). Dkt. 13, Exhibit 1, Declaration of Paula Chandler at ¶ 4. Captain Chandler responded on June 14, 2016, informing Mr. Paradis that a chaplain and a law librarian had examined his property and that legal documents related to active legal matters with court imposed deadlines, as well as religious items, were identified and were being shipped to him at Department of Corrections ("DOC") expense. *Id.*, Exhibit 1 ¶¶ 7-9, Attachment C.

On December 1, 2016, Mr. Paradis filed a motion for a temporary restraining order enjoining defendants from either destroying or donating his excess property. Dkt. 11.

REPORT AND RECOMMENDATION - 1

Specifically, Mr. Paradis identifies the boxes of property that are the subject of two DOC 90 day notices, dated March 11, 2016 and October 29, 2016. *Id.* According to Captain Chandler, Mr. Paradis's excess property is currently being held at the request of legal counsel pending the outcome of this litigation and the property will be neither destroyed nor donated. Dkt. 13, Exhibit 1, Chandler Decl., ¶ 11.

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right". *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a party must demonstrate that: (1) he is likely to succeed on the merits; (2) he will likely suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20. A party must show more than a possibility of irreparable injury to obtain preliminary relief. *Id*. at 22. The Ninth Circuit has articulated a variation of this test for situations where there are serious questions going to the merits and the balance of hardships tips sharply in favor of the plaintiff, so long as the irreparable harm and public interest requirements are also met. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

The record reflects that Mr. Paradis's excess property presently being held at MCC contains no documents related to legal matters with court imposed deadlines or items identifiable as religious in nature as those items were removed from Mr. Paradis's excess property and sent to him at DOC expense. Dkt. 13, Exhibit 1, Chandler Decl., at ¶¶ 6–9. In addition, defendants represent to this Court that none of Mr. Paradis's excess property will be donated or destroyed during the pendency of this lawsuit. Dkt. 13, Exhibit 1, Chandler Decl., at ¶ 11.

REPORT AND RECOMMENDATION - 2

As the terms of the requested injunctive relief have already been carried out, the issue of whether the motion for preliminary injunction should issue is now moot. *Univ. of Texas v. Camenisch,* 451 U.S. 390, 398 (1981). The Court recommends that the motion for temporary restraining order (Dkt. 11) be **denied as moot**.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **Thursday, January 12, 2017.** The Clerk should note the matter for **Tuesday, January 17, 2017**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 23rd day of December 2016.

BRIAN A. TSUCHIDA
United States Magistrate Judge